IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH R. SCROGGINS,<br><br>    Plaintiff,<br><br>  v.<br><br>HOFFMAN-LA ROCHE, INC., *et al.*,<br><br>    Defendants.<br>                                            / | No. C 12-2615 SI<br><br>**ORDER GRANTING MYLAN DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Several motions are scheduled for a hearing on July 20, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to stay all proceedings in this case pending a final decision on transfer by the Judicial Panel on Multidistrict Litigation. In the event Panel does not transfer this action, the Court will rule on plaintiff's motion for remand.

**DISCUSSION**

This case is one of many involving the pharmaceutical drug Accutane®, or generic versions thereof, currently pending in federal court. Plaintiff originally filed this case in the Superior Court for the County of San Francisco against numerous defendants. The complaint seeks damages allegedly resulting from plaintiff's use of generic versions of Accutane®. Plaintiff sued the drug manufacturers, as well as McKesson Corporation, the distributor of the drug. On May 21, 2012, the Mylan defendants

removed the action to this Court on the basis of diversity jurisdiction. The Notice of Removal asserts that McKesson was fraudulently joined because plaintiff's state law claims against McKesson are preempted under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011).

On May 25, 2012, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order conditionally transferring this case to the Accutane MDL proceeding pending before Judge James S. Moody, Jr. in the Middle District of Florida, *In re Accutane (Isotretinoin) Products Liab. Litig.*, MDL No. 1626. *See* Defs' Motion to Stay, Ex. A. Plaintiff has filed a notice of opposition to the conditional transfer order, and that matter will be addressed by the Panel during its session on July 26, 2012. Presently before this Court are the Mylan defendants' motion to stay the action pending its transfer to the MDL proceeding and plaintiff's motion for remand to state court.

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court finds that a stay is in the interest of judicial economy and consistency because the identical jurisdictional issue – whether state law claims against McKesson are preempted by *Mensing*, and thus whether removal was proper – is pending before Judge Hamilton in *Couture v. Hoffman-La Roche, Inc., et al.*, Case No. 12-2657 PJH. The JPML has issued a conditional transfer order conditionally transferring the *Couture* case to the *Accutane* MDL.[1] If both cases are transferred to Judge Moody, Judge Moody can address the preemption issue in a uniform manner. While it is unclear from the record before the Court whether Judge Moody has considered the precise issue presented by plaintiff's motion to remand, Judge Moody has previously dismissed state law claims against other defendants as preempted under *Mensing*. *See In re Accutane Products Liability*, MDL No. 1626–IBD, No. 8:04–MD–2523–T–30TBM, 8:10–CV–987–T–30TBM (Plevniak), 2011 WL 6224546, (M.D. Fla. Nov. 9, 2011).

Accordingly, for the foregoing reasons, the Court GRANTS defendants' motion to stay this

---

[1] The defendants have moved to stay *Couture* pending a decision by the JPML regarding transfer, and the plaintiff has moved to remand the case. Judge Hamilton issued an order stating that she will consider the motion to stay prior to considering the motion to remand, and that if she grants the stay she will defer ruling on the motion to remand until after the JPML has decided whether it will transfer the case. *See* Docket No. 28 in C 12-2657 PJH

action, Docket No. 10, and DEFERS ruling on plaintiff's motion for remand. Docket No. 11.

**IT IS SO ORDERED.**

Dated: July 16, 2012

SUSAN ILLSTON
United States District Judge