UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ACCUTANE (ISOTRETINOIN) PRODUCTS
LIABILITY LITIGATION
  Hannah R. Scroggins v. Hoffman-La Roche Inc., et al.,    )
    N.D. California, C.A. No. 3:12-02615                    )        MDL No. 1626

**TRANSFER ORDER**

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring her action (*Scroggins*) to the Middle District of Florida for inclusion in MDL No. 1626. Responding defendants Mylan Bertek Pharmaceuticals, Inc., Mylan Pharmaceuticals Inc., and Mylan Inc., Hoffman-La Roche Inc., and Roche Laboratories Inc. oppose the motion.

In opposing transfer, the *Scroggins* plaintiff argues that the Panel should deny or defer transfer to permit the resolution of her motion for remand to state court. As we have frequently held, however, the pendency of a remand motion generally is not a sufficient reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so. We further note that the record indicates that the transferee court has expeditiously ruled on other remand motions in this docket. *See, e.g.*, Order, No. 8:04-MD-2523 (M.D. Fla. Feb. 2, 2012) (docket no. 988).

Plaintiff also argues that transfer would not serve the convenience of the parties or witnesses, because she is a California resident, and the action will entail some amount of California-based discovery. We are not persuaded by this argument, however, as much the same could be said of the vast majority of products liability actions transferred to an MDL.

After considering all argument of counsel, we find that the *Scroggins* action involves common questions of fact with actions in this litigation previously transferred to MDL No. 1626, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Middle District of Florida was an appropriate Section 1407 forum for actions "present[ing] complex common questions of fact concerning, *inter alia*, i) the development, testing, manufacturing and marketing of Accutane [isotretinoin], and ii) defendants' knowledge concerning the drug's possible adverse effects." *See In re Accutane Prods. Liab. Litig.*, 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004). Like plaintiffs in many actions previously transferred to the MDL, the *Scroggins* plaintiff plainly alleges that as a result of taking generic isotretinoin, she experienced several adverse health effects culminating in a diagnosis of injuries

- 2 -

including one or more of the following conditions: ulcerative colitis, Crohn's disease, colitis, inflammatory bowel disease, irritable bowel syndrome, rectal bleeding, diarrhea, abdominal pain, or other injury.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Middle District of Florida, and, with the consent of that court, assigned to the Honorable James S. Moody, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |